Please be seated, ladies and gentlemen. Good morning. We have five cases on the calendar this morning, two veterans' cases, which will be first. The patent case, two government First case is Wanda Harrison v. Department of Veterans Affairs, 2013-7045. Mr. Carpenter. May it please the Court, Kenneth Carpenter appearing on behalf of Wanda Harrison. Ms. Harrison is the substitute appellant for her deceased husband, Bobby Harrison. In this case, Ms. Harrison makes two arguments. First, that the Veterans Court relied upon the incorrect version of the relevant regulation, 38 CFR 3.156. In the alternative, she argues that the Veterans Court misinterpreted the current version of 3.156, which was relied upon by both the Board and the Veterans Court in rendering its decision. The relevance of the prior version is that the prior version used language that indicated that the evidence, in terms of service records, could have been received either before or after the original decision. That before language is removed from the amendment, and after the lower court's memorandum decision in this case, the Veterans Court held inclined that the current version of 3.156 does not apply retroactively. Therefore, requests to reopen, such as in this case, that were filed before the effective date of the new regulation, October 2006, the prior regulation applies. The prior regulation was not applied by the Board, and upon reconsideration, the lower court did not remand the case back after its decision inclined. I have the old regulation here, and I'm having some difficulty in seeing how that helps you, because the last sentence of subsection C seems to say, but does say, where such records clearly support the assignment of a specific rating over a part or entire period of time involved, a retroactive evaluation will be assigned accordingly, except as may be affected by the filing date of the original claim, which seems to say that if there are missing records, that you only get retroactivity if they support the assignment of a different rating. I've not ever seen that interpretation expressed before, Your Honor, that it has always applied to the question of whether or not the effective date would be applied retroactively, and that the original claim would be reconsidered. I understand Your Honor's point, but I do not believe that the VA has ever proffered that interpretation, and to the contrary, when the VA changed or amended its regulation, it indicated that it was not intending to make any substantive changes, and that language that you just referred to, that limits or could be read to limit to rating, is not included. Your theory, as I understand it, is that even if there were records that weren't properly associated with the claim file, that that's a ground for reopening that's not limited the way new material evidence would ordinarily be limited. That's correct, Your Honor. So what language in the old regulation tells us that it's irrelevant whether the records in question would have resulted in a different rating or not? Well, in this case, Your Honor, it's not really a question of whether that would have resulted in a different rating. It would have had to have resulted in a different rating because the result is that the veteran is entitled to service-connected compensation for his sickle cell anemia. As a result of the 1978 decision, he was given no rating because the claim was denied. Well, I understand. I don't mean a different rating in terms of the percentage. I mean in terms of getting service connection. So what language in this old regulation that you say is applicable supports the result for which you're arguing? That under the previous interpretations and the interpretation made when they amended the regulation... Which language? The before or after language. And it is whether or not the new material evidence was received before or after the decision became final. How does that support the notion that the evidence can be irrelevant to the outcome of the claim? I'm just not following. I'm sorry. I'm not necessarily suggesting that it eliminates the requirement of relevance except for the fact that relevance is not in the language of the old regulation. Relevance is a criteria that was added when the VA amended the regulation. And that in this case, the x-ray evidence, the film itself, is what changed the outcome when the matter was reconsidered. But I thought that specifically what the board and the veterans court said did not happen. That it was not the film that changed the board's decision. And in fact, I thought that was... Just tell me if I'm wrong. I thought what the veterans court said was the based on language in the new regulation, which has a perfect counterpart in the predecessor regulation, not the last sentence but the penultimate sentence, on the basis of the new evidence. But the problem here was that while the August 66 film had been in the VA or in the military but not in the VA record at the time of the 78 decision, that film was not in fact the basis for the board's ultimately concluding that there was in fact a service connection of the sickle cell anemia. And that meant that C simply didn't apply. In this case, Your Honor, the 2007 board decision did rely upon the x-ray evidence because it was the x-ray film that corroborated the existence of the sickle cell anemia. Based upon the 1978 decision... Because of the report about the film rather than the film itself, though, right? I'm glad that you brought that up because I think we need to clarify. There is no report of the x-ray record. There is a description of what the x-ray said by the author of the separation examination. Aren't we getting into fact questions? Well, we are getting into fact questions, Your Honor. Which relates to our jurisdiction. Our lack thereof. Well, I don't think so, Your Honor, because these facts, in my view, are not disputed in the record. These facts are undisputed. The board itself conceded that the x-ray film was not of record at the time that the 1978 decision was made. So the question becomes how that does or does not impact the applicability of 3.156C. We suggest that the very existence of that under the old regulation triggers the application of 3.156C. Under the amended regulation, it triggers the provisions of 3.156C, and they must be applied because it was relevant, and that relevance is reflected in the 2007 board decision. If I could direct Your Honor's attention to page 38. I'm sorry. I'm just not understanding. I thought your point was that because the records were not associated with the file, that there's a basis for reopening this retroactively, and that it makes no difference whether the record of the x-ray itself was relied on when service connection was ultimately granted. Because if it was missing from the file, that's the end of it. Then it was missing from the file. That's correct, Your Honor, under the old regulation. Under the amended regulation, the amended regulation does impute a relevance requirement. Okay, but you're not contending that the x-rays were relevant to the later determination granting service connection. As Judge Lurie says, that's a fact issue. That's not a legal issue. I thought your legal issue was it doesn't make any difference whether they were relied on later when service connection was granted. Well, Your Honor, I believe that there's a distinction between the prior version and the current version. Under the prior version... Help me. Stick with the prior version, okay? Yes, Your Honor. I thought you were raising a legal question as to whether there's a requirement of relevance under the prior version. You weren't raising a question as to whether, in fact, the x-rays themselves were relied on later in granting service connection. That's a fact issue which we don't have jurisdiction on. That's correct, Your Honor. I was trying to respond to Judge Taranto's question about the findings that were made below and how those findings are, in fact, contradicted by what the board said. In this case, we are dealing with a report that is made in the separation examination of the findings in the x-ray. It is not the report from a radiologist. No radiologist report was of record. All that was of record was the discharge examination that made a characterization that was later described as being inaccurate and insufficient as a matter of law to rebut the presumption of soundness. This veteran's benefits were granted in 2007 because the board found that the condition was aggravated. That finding has to be based upon the best evidence, which is the x-ray film and not a... I apologize, Your Honor. I'm trying to make a distinction between the current version and the... No, no. Stick with it. Stick with the old version. With the old version, that's absolutely correct. That relevance is not a factor and it makes no difference under the prior version. They got those records, they received those records, and they were required to reconsider the original claim. Not to reopen the original claim, but they are mandated to reconsider that original claim. Your Honor, if you have a final time, would you wish to save it? I would, Your Honor. Thank you very much. Thank you, Mr. Carpenter. Mr. Sweet. May it please the Court, the issue in this case is whether Ms. Harrison is entitled to an earlier effective date. Contrary to her suggestion, the issue is not whether the Department of Veterans Affairs is required to reconsider her claim. The Department of Veterans Affairs did reconsider her claim, culminating in a 2007 board decision awarding service connection. The Harrisons never appeared at that decision and therefore waived any right to challenge anything about the reconsideration. Rather, here, she's appealing the Veterans Court's affirmance of the 2010 board decision, which declined to assign an earlier effective date. Thus, the issue here is whether the Veterans Court committed a legal error in concluding that Ms. Harrison was not entitled to an earlier effective date. As Ms. Harrison concedes in her reply brief, the issue of whether a veteran is entitled to an earlier effective date is governed by subsection 3.156C3. The Veterans Court did not misinterpret that section when it concluded that the Department of Veterans Affairs would only assign an earlier effective date if the award was based on the newly associated SDR, a service department record. Can I ask you a question that's troubled me and may just be my confusion about it? Suppose the veteran comes to the board and says, I've got two new pieces of evidence. One is new doctors, but the other is a previously unfound service record that wasn't part of the record. And the board looks at the doctor evidence and says, we are thoroughly convinced this actually is service-connected. We were wrong before. And says, well, we don't need to consider the other evidence. And yet the other evidence might be the kind that would reach all the way back to the original claim. Can that happen? I guess I wonder, can that happen? And what sense does it make to look only at what the board in fact based the reversal on, as opposed to what might be a basis for an entitlement? Okay, to answer your first question, the answer is that probably couldn't happen. If it received the newly associated SDR, and presuming it was relevant, which I understand from your hypothetical it was, that would trigger the obligation to reconsider the claim. Now, because that evidence would be in the file upon the reconsideration, the Department of Veterans Affairs would have to reconsider that. But that's very different from what happened here, because the board did consider the x-ray film. Ms. Harrison's problem is that as the board found, that x-ray film was adverse to her. So not only was it, under your hypothetical, it was beneficial to the claimant, but here the only medical opinion that relied on that x-ray film found that it was adverse evidence, and that it showed that Ms. Harrison's sickle cell disease was not aggregated by service connection. As this court's noted, that's a factual finding that this court cannot reconsider on this appeal. So this case is very different from your hypothetical, and I think under those circumstances, particularly since the newly associated SDR was associated before there was a decision, it would be in the claims file and therefore considered. So if it was favorable, then the board would be under an obligation to consider that. As I mentioned, this court doesn't have a jurisdiction to view the factual findings of the board and the Veterans Court that the x-ray film was not the basis for the award. In any event, that was correct. Most of the favorable medical decisions that the board relied on were issued before the x-ray film was even associated with the claims file, and the one favorable opinion that was issued afterwards did not rely on that x-ray film. Rather, the only medical opinion that relied on the x-ray film reached an adverse conclusion, that the film showed Mr. Harrison's sickle cell disease was not aggregated by service. Thus, Mr. Harrison was not harmed by the failure to associate that x-ray film earlier because had it been associated with the claims file at the time of the 78 rating, it would not have helped him substantiate his claim. Mr. Carpenter suggests that the VA doesn't rely on the last sentence of 3.156C. Is that correct? No, Your Honor. We specifically quote from the last two sentences of the prior version of 3.156C, which, as you noted, clearly indicates that the Department of Veterans Affairs, under the prior version, would only assign an earlier effective date when the newly associated SDR clearly supports a retroactive evaluation, which it found did not happen here. To the extent there were any doubt, the VA's published interpretations, which we cite in our brief, clearly indicate that under the prior version, as well as the current, there was a requirement that the newly associated SDRs be the basis of the award. For these reasons, unless Your Honors have any further questions, we rely on our briefs and respectfully request that this Court affirm the decision of the Veterans Court. Thank you, Mr. Sweet. Thank you. Mr. Carpenter has some time to rebut. You have a small target. Thank you, Your Honor. If it pleases the Court, I believe that the government has conflated the concept of reconsideration and reopening. What occurred in 2007 was not a reconsideration as contemplated by 3.156C. What happened in 2007 was a determination as to whether or not new and material evidence had been received, which required under 5108 the reopening of the previously denied claim. It found that it did, and ultimately it awarded service connection back to 1993 when the reopening began after the initial decision in 1978. The reconsideration that is described in the regulation in 3.156C is for the consideration of whether the condition did or did not exist and what rating should be assigned from the date in which it is established, from the date of the original claim, which is what is being reconsidered under 3.156C, and the date of the reopening. That's what's at issue in this case. Mr. Harrison was entitled to reconsideration of his original claim made following his discharge from service based upon the fact that his sickle cell anemia was aggravated during service. The published interpretation by the VA when they amended this makes that point clear, and it has been recited repeatedly by the Veterans Court in several decisions, the most recent of which is Klein, in which they describe those published interpretations as talking about identifying when the effective date should commence based upon when it's factually determined, based upon this retroactive evaluation that is described in the regulation to determine when the condition existed. And in this case we have sickle cell anemia, which existed before, existed during, and existed after his discharge up until the time of his death. Do you agree that the Board in fact thought that the August 66 x-ray film pointed against aggravation? In the 2007 decision, excuse me, 2010 decision, I believe that that is what they concluded. That is contrary to what in fact the Board did in 2007, because the Board's finding in 2007 was that the evidence did not arise to the evidentiary burden imposed upon the VA to rebut the second prong of the presumption of soundness. And therefore they found that it was the exact evidence that was relied on in 1978 that discharged medical officers' opinion, which was inadequate to rebut the presumption of soundness. And therefore the provisions of 3.156C applied as a matter of law, because that x-ray report is the best evidence, not a characterization or description of that report as was found in the separation examination. Unless there are further questions, thank you very much, Your Honor. Thank you, Mr. Koppner. The case will be taken under advisement.